TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | |
|---|---|
| OPINION | : |
| | : No. 96-304 |
| of | : |
| | : September 16, 1996 |
| DANIEL E. LUNGREN | : |
| Attorney General | : |
| | : |
| CLAYTON P. ROCHE | : |
| Deputy Attorney General | : |
| | : |

_____

THE HONORABLE JOHN W. WITT, SAN DIEGO CITY PROSECUTOR, has requested an opinion on the following question:

Does the designation "district attorney" as used in Penal Code section 633 with respect to the overhearing or recording of conversations include city attorneys who prosecute misdemeanor cases?

CONCLUSION

The designation "district attorney" as used in Penal Code section 633 with respect to the overhearing or recording of conversations does not include city attorneys who prosecute misdemeanor cases; however, such attorneys when prosecuting misdemeanor charges have the same powers that Penal Code section 633 has granted to district attorneys to overhear or record conversations.

ANALYSIS

The Legislature has enacted a comprehensive statutory scheme (Pen. Code, §§ 630-637.6)[1] "to protect the right of privacy of the people of this state" (§ 630). Sections 631-632.7

_____

[1] All references hereafter to the Penal Code are by section number only.

relate specifically to unlawful wiretapping and other forms of illegal electronic eavesdropping, with section 633 providing exceptions thereto for certain designated law enforcement officers and prosecuting attorneys. Section 633 states:

"Nothing in Section 631, 632, 632.5, 632.6, or 632.7 prohibits the Attorney General, any district attorney, or any assistant, deputy, or investigator of the Attorney General or any district attorney, any officer of the California Highway Patrol, any chief of police, assistant chief of police, or police officer of a city or city and county, any sheriff, undersheriff, or deputy sheriff regularly employed and paid in that capacity by a county, or any person acting pursuant to the direction of one of these law enforcement officers acting within the scope of his or her authority, from overhearing or recording any communication that they could lawfully overhear or record prior to the effective date of this chapter.

"Nothing in Section 631, 632, 632.5, 632.6 or 632.7 renders inadmissible any evidence obtained by the above-named persons by means of overhearing or recording any communication that they could lawfully overhear or record prior to the effective date of this chapter."[2]

We are asked whether the designation "district attorney" as used in section 633 includes city attorneys who prosecute misdemeanor cases. We conclude that although section 633 cannot be so interpreted, under a statute in a different code, Government Code section 41803.5, a city attorney prosecuting misdemeanor charges has the same powers that section 633 grants to district attorneys.

A city attorney's primary duties are to act as the legal advisor to the city and to bring and defend civil actions on behalf of the city when instructed to do so by the city council. (See Gov. Code, §§ 41801-41803.) Additionally, a city attorney may prosecute misdemeanor criminal cases which arise within the city under a variety of circumstances. For example, the violation of a city ordinance may constitute a misdemeanor which the city attorney may be required to prosecute on behalf of the city. (See 65 Ops.Cal.Atty.Gen. 330, 332 (1982); 20 Ops.Cal.Atty. Gen. 234, 236 (1952)). Also, although a district attorney generally prosecutes state misdemeanors wherever committed within the county (Gov. Code, § 26500), a city attorney may prosecute state misdemeanors committed in the city if the district attorney consents. (Gov. Code, § 41803.5.) In a charter city, the charter may designate the city attorney as the "city prosecutor," having the primary duty to prosecute all state misdemeanors committed within the city. (79 Ops.Cal.Atty. Gen. 46, 47-48 (1996).)

Accordingly, a city attorney, particularly in a charter city which has a designated city prosecutor, may have extensive prosecutorial duties similar to those of a district attorney. The need to obtain information in aid of misdemeanor prosecutions would be the same for a city attorney as for a district attorney. Yet, section 633 fails to expressly exclude city attorneys from the prohibitions of

---

[2] "The effective date of this chapter" was November 8, 1967. (Stats. 1967, p. A-3; *People* v. *Carbonie* (1975) 48 Cal.App.3d 679, 684.)

sections 631-632.7.  The designation "district attorney" does not per se include city attorneys who prosecute misdemeanor cases.   (See 55 Ops.Cal.Atty.Gen. 151 (1972).)

Section 633, however, does not stand alone.  Rather, its provisions must be read in light of Government Code section 41803.5, subdivision (b), which states:

"In any case in which the district attorney is granted any powers or access to information with regard to the prosecution of misdemeanors, this grant of powers or access to information shall be deemed to apply to any other officer charged with the duty of prosecuting misdemeanor charges in the state, as authorized by law."

Under the terms of Government Code section 41803.5, subdivision (b), an "officer charged with the duty of prosecuting misdemeanor charges in the state, as authorized by law" is "deemed" to have "any powers or access to information with regard to the prosecution of misdemeanors" that are granted to a district attorney.

Does section 633 grant a district attorney "any powers or access to information with regard to the prosecution of misdemeanors"?  Obviously it does.  By exempting a district attorney from the prohibition against overhearing and recording communications, it acts as a grant of authority.  Those powers and access are thus "deemed" to apply to any city attorney "charged with the duty of prosecuting misdemeanor charges in the state, as authorized by law."  (Gov. Code, § 41803.5, subd. (b).)

Section 633 itself does not apply to city attorneys.   However, Government Code section 41803.5 does apply and has the effect of granting to city attorneys the same powers that section 633 grants to district attorneys.  While the result would be the same by stating that the term "district attorney" in section 633, in effect, may include city attorneys, we are not so construing herein the language of section 633.  Rather, we are interpreting the provisions of Government Code section 41803.5 to include the grants of powers contained in section 633 for district attorneys.

We believe that the terms of Government Code section 41803.5, subdivision (b), are clear and unambiguous.   "Where the words of the statute are clear, we may not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." (*Burden* v. *Snowden* (1992) 2 Cal.4th 556, 562; see also *DaFonte* v. *Up-Right, Inc.* (1992) 2 Cal.4th 593, 601; *Rojo* v. *Klinger* (1990) 52 Cal.3d 65, 73; *Solberg* v. *Superior Court* (1977) 19 Cal.3d 182, 198.)

Here, the legislative history of subdivision (b) of section 41803.4 of the Government Code, enacted in 1994 (Stats. 1994, First Ex. Sess., ch. 7, § 1), fully supports our "plain reading" of the statute.  The report of the Senate Committee on the Judiciary for its June 21, 1994, hearing states with respect to the proposed legislation:

"1)   <u>Need for the bill</u>

"According to the author:

"Chartered cities like Los Angeles, San Diego, Pasadena, and Santa Monica, that have their own prosecutors, are often left out of state legislation that gives District Attorneys certain critical informational access or prosecutorial jurisdiction to handle misdemeanors. The efforts of city prosecutors to follow the spirit and intent of a law is often thwarted by this obvious legal loophole.

".  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

"3)  <u>Consistency</u>

"The author asserts ABX1 81 ensures consistency in future legislation by providing a grant of powers and access of information in one section rather than a section by section language change.

"4)  <u>Application</u>

"This bill will apply to City Attorneys who have been granted the authority to prosecute misdemeanors as well as the Attorney General's Office when it prosecutes a case from which the DA had to [recuse] itself."[3]

Subdivision (b) of section 41803.5 of the Government Code was thus enacted to cover city attorneys prosecuting misdemeanors for both charter and general law cities. It was intended to give them the same powers and informational access as district attorneys without the necessity of changing each statutory grant of authority--such as contained in section 633.

Finally, statutes are to "be given a reasonable and common sense interpretation consistent with the apparent purpose and intention of the lawmakers, practical rather than technical in nature, which, upon application, results in wise policy rather than mischief or absurdity." (*People* Ex rel. *Deukmejian* v. *Che, Inc*. (1983) 150 Cal.App.3d 123, 132.) It would be unreasonable to construe Government Code section 41803.5, subdivision (b), as not incorporating the powers contained in section 633. A city attorney who prosecutes misdemeanors is in as much need of information as a district attorney when the latter is prosecuting misdemeanors.

In answer to the question presented, therefore, we conclude that the designation "district attorney" as used in section 633 does not include city attorneys who prosecute misdemeanor cases; however, such attorneys when prosecuting misdemeanor charges have the same powers that section 633 grants to district attorneys to overhear or record conversations.

\* \* \* \* \*

---

[3] "`Statements in legislative committee reports concerning the statutory purposes which are in accordance with a reasonable interpretation of the statute will be followed by the courts.'" (*O'Brien* v. *Dudenhoeffer* (1993) 16 Cal.App.4th 327, 334.)